## GENERAL COURT, OCTOBER TERM, 1800.

### HUGHES vs. CHRISTIE.

ACTION of debt on a bond with a collateral condition. The defendant pleaded *general performance,* and the cause was standing on the trial docket under a rule replication.

*Johnson,* for the defendant, moved for leave to withdraw the plea of general performance for the purpose of pleading *non est factum.*

*Martin,* (Attorney General,) for the Plaintiff.

LEAVE granted by the court.

*The plea of general performance may be withdrawn for the purpose of pleading non est factum.*

## COURT OF APPEALS, NOV. TERM, 1800.

### COLSTON vs. NICOLS.

WRIT OF ERROR. The defendant in error, brought an action of *trespass q. c. f.* in the general court, for the eastern shore, for a trespass, committed on a tract of land called *Cumberland,* lying in Talbot county. The general issue was pleaded.

The plaintiff at the trial, to support the issue on his part, offered to swear a certain *John Valliant* as a witness, but the defendant, (now plaintiff in error,) objected to the said *Valliant* being sworn, alleging him to be interested in the event of the cause, and offered to swear another witness, to prove that the said *Valliant* declared to him that he was interested in the event of the suit, and to pay a part of the costs of the suit in case the plaintiff lost the cause.

BUT THE GENERAL COURT, (*Goldsborough,* Ch. J. *Chase* and *Duvall,* J.) were of opinion, that such testimony was inadmissible, and refused to let the witness be sworn to impeach the *competency* of the said *Valliant.* The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant brought a writ of error to this court.

*To prove that a person offered as a witness was interested in the event of the cause, evidence was offered to prove that he had declared that he was interested, &c. Held, that the evidence was admissible to impeach the competency of the person offered as a witness.*